UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, JORDAN JORRITSMA, and EMERSON SILVERNAIL,<br><br>                 Plaintiffs,<br>v.<br><br>JOCELYN BENSON, in her official capacity as Michigan Secretary of State; and JONATHAN BRATER, in his official capacity as Director of the Michigan Bureau of Elections,<br><br>                 Defendants. | CIVIL ACTION<br><br>Case No. 1:24-cv-262-JMB-RSK<br><br>Hon. Jane M. Beckering |

**PROPOSED INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO INTERVENE (ECF NO. 14)**

Proposed Intervenor-Defendants Detroit Disability Power and the Michigan Alliance for Retired Americans ("Proposed Intervenors") respectfully submit this Notice of Supplemental Authority in support of their Motion to Intervene (ECF No. 9). Just last week, on July 12, 2024, the U.S. District Court for the District of Nevada issued an order in *RNC v. Aguilar*, No. 2:24-cv-00518 (D. Nev.), in which it granted permissive intervention to three nonprofit organizations—including the Nevada Alliance for Retired Americans—in a nearly identical case brought under the National Voting Registration Act (the "NVRA") by Plaintiff Republican National Committee and others. Order Granting Mot. to Intervene at 6, *RNC v. Aguilar*, No. 2:24-cv-00518 (D. Nev. July 12, 2024), ECF No. 99. In finding that the proposed intervenors' "participation in [that] suit will contribute to the just and equitable resolution of the issues before [it]," the court emphasized the proposed intervenors' "expressed mission . . . to ensure that voters are retained on or restored to the rolls," much like that of Proposed Intervenors here. *Id.* at 6. That is because, as they do here,

"plaintiffs seek to compel the State to remove from the rolls voters whom they claim are ineligible while defendants are required to balance the twin objectives of the NVRA in litigating this suit—easing barriers to registration and voting, while at the same time protecting electoral integrity." *Id.* at 5–6. Accordingly, because of their pro-voter missions, "*Proposed Intervenors provide the counterbalance to plaintiffs' singular purpose that defendants' split mission does not allow,*" *id.* at 6 (emphasis added), which is particularly important "given the point of the NVRA was to *increase*, not decrease, the electoral participation of our citizenry," *id.* (cleaned up).

For the reasons articulated in Proposed Intervenors' filings and as further explained by the District of Nevada's recent order, this Court should grant Proposed Intervenors' motion to intervene.

Dated: July 17, 2024.    Respectfully submitted,

/s/ *Sarah S. Prescott*
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT
 PORTER & PORTER, LLC
105 East Main Street
Northville, Michigan 48167
(248) 679-8711
sprescott@spplawyers.com

Aria C. Branch
Jyoti Jasrasaria
Samuel T. Ward-Packard
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW, Ste 400
Washington, DC 20001
(202) 968-4490
abranch@elias.law
jjasrasaria@elias.law
swardpackard@elias.law

*Counsel for Proposed Intervenor-Defendants*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REPUBLICAN NATIONAL COMMITTEE, JORDAN JORRITSMA, and EMERSON SILVERNAIL,

        Plaintiffs,

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State; and JONATHAN BRATER, in his official capacity as Director of the Michigan Bureau of Elections,

        Defendants.

CIVIL ACTION

Case No. 1:24-cv-262-JMB-RSK

Hon. Jane M. Beckering

## CERTIFICATE OF SERVICE

I certify that on this 17th day of July 2024, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

                                        /s/ *Sarah S. Prescott*
                                        Sarah S. Prescott