# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Republican National Committee, et al.<br><br>Plaintiffs<br><br>v.<br><br>Francisco Aguilar, et al.,<br><br>Defendants | Case No.: 2:24-cv-00518-CDS-MDC<br><br>**Order Adopting in Part Report and Recommendation and Granting Motion to Intervene**<br><br>[ECF Nos. 7, 68] |

Before the court is the report and recommendation (R&R) of United States Magistrate Judge Maximiliano D. Couvillier, III entered on May 24, 2024. ECF No. 68. In the R&R, Judge Couvillier recommends that Proposed Intervenor Defendants Rise Action Fund, Institute for a Progressive Nevada, and Nevada Alliance for Retired Americans' motion to intervene (ECF No. 7) be granted both as a matter of right and permissively. *Id.* Plaintiffs Scott Johnston, Nevada Republican Party, and Republican National Committee filed objections to the R&R (ECF No. 85), to which Proposed Intervenors responded (ECF No. 90). For the following reasons, I affirm the R&R in part, finding that Proposed Intervenors may intervene pursuant to Rule 24(b), and vacate as moot the finding under Rule 24(a).

**I.     Legal standard**

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The district court reviews de novo those portions of the magistrate judge's report and recommendation that have been properly objected to. *See* Fed. R. Civ. P. 72(b)(3).

II. Analysis

A. Permissive intervention

Judge Couvillier recommends that Proposed Intervenors be permitted to permissively intervene under Rule 24(b). I agree. A person or entity can intervene, even if they do not meet the requirements of intervention as of right under Rule 24(a), if they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention is appropriate if the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). A district court has "broad discretion" in determining whether to allow permissive intervention. *County of Orange v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

### 1. Jurisdiction

Judge Couvillier found that the independent jurisdictional requirement is not required under the circumstances here. R&R, ECF No. 68 at 7–8. Plaintiffs did not object to this finding, and I agree with Judge Couvillier.

The requirement that intervenors provide an independent ground for jurisdiction is rooted in the "concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religion Found.*, 644 F.3d at 843. "Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Id.* at 844. This case is brought under federal-question jurisdiction, specifically a violation of the National Voting Rights Act (NVRA), 52 U.S.C. § 20507. The Proposed Intervenors do not raise new claims, ECF No. 7-1 (proposed answer), and thus, the independent jurisdictional requirement is not required here.

2

## 2. Timeliness

Judge Couvillier found that permitting intervention would not affect any undue delay or prejudice here because Proposed Intervenors are not adding claims and this case is in the early stage. R&R, ECF No. 68 at 8. Plaintiffs object to the R&R's finding because "adding parties causes delay and complication even if they are not adding claims." ECF No. 85 at 16–17. After de novo review, I adopt Judge Couvillier's finding. Proposed Intervenors filed their motion to intervene about as early in the litigation as possible—just three days after the complaint was filed. ECF No. 7. While plaintiffs cite to the possibility of delays and complications, they provide no concrete concerns regarding the Proposed Intervenors' participation in this case. In fact, the court finds the delay complaint particularly unpersuasive in light of plaintiffs' repeated delays between continuing the hearing (ECF No. 81); stipulating to extend the discovery plan and scheduling order (ECF No. 79); taking several weeks to correctly file pro hac vice applications (ECF Nos. 19, 33, 49, 56, 69–71); and their assertion during oral argument on defendant Francisco Aguilar's motion to dismiss that they "haven't pressed the court for [relief or remedy before the November election]" and are "not trying to speed up the case for the sake of obtaining discovery before the November election."[1] Nor does the court see any particular risk of prejudice to the original parties in permitting the Proposed Intervenors to join this action, particularly given they bring no new claims.[2] Thus, I find the timeliness factor soundly met.

## 3. Common question of law or fact relating to defense[3]

A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense "relate[s] to the subject matter of the action . . . before the district court," *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993), or,

---

[1] *See* Transcript, ECF No. 96 at 36–37.

[2] Also, Proposed Intervenors have thus far promptly filed all relevant documents and motions and have promised to follow any schedule set by the court. ECF No. 90 at 3.

[3] While Judge Couvillier likely considered this factor in rendering his recommendation as the law discussing this factor is cited, the R&R does not explicitly discuss it; neither do plaintiffs specifically object that Proposed Intervenors do not have a defense that shares a question or law or fact with the main action.

3

stated another way, when such claims or defenses "are clearly a critical part of the instant case." *Citizens Allied for Integrity & Accountability, Inc. v. Miller*, 2022 WL 1442966, at *21 (D. Idaho May 5, 2022). Proposed Intervenors list several defenses in their proposed answer: (1) plaintiffs fail to state a claim on which relief can be granted; (2) this court lacks subject matter jurisdiction; (3) plaintiffs do not have Article III standing; (4) plaintiffs lack a private right of action; and (5) plaintiffs' claims are equitably barred. ECF No. 7-1 at 10. At least one of these defenses clearly relates to the subject matter of the action: plaintiffs' Article III standing, which constituted the subject of the argument made and the decision rendered at the June 18, 2024 hearing on Aguilar's motion to dismiss. ECF No. 96. Thus, I find this factor also met.

### 4. Other factors

As plaintiffs point out, even if a proposed intervenor satisfies those threshold requirements, "the district court retains discretion to deny permissive intervention." ECF No. 85 at 15 (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)). In exercising that discretion, the court "must consider whether intervention will unduly delay or prejudice the original parties and should consider whether the applicant's interests are adequately represented by the existing parties and whether judicial economy[4] favors intervention." *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (citing *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989), Fed. R. Civ. P. 24(b)(3) (requiring courts to consider undue delay or prejudice to original parties)). While plaintiffs object that allowing intervention will delay proceedings and prejudice the parties, ECF No. 85 at 16, as discussed *supra*, I do not find the risk of undue delay or prejudice to be high here.

---

[4] While plaintiffs make no objections concerning the judicial economy of permitting permissive intervention, the court notes that it finds Proposed Intervenors' proactive protection of its interests in this suit much more judicially economic than the route plaintiffs suggest: "litigat[ing] the potential improper removal of their members once they have been 'aggrieved by a violation of [the NVRA].'" ECF No. 85 at 8 (citing 52 U.S.C. §20510).

4

Plaintiffs also object that permissive intervention should be denied (1) because "the State defendants adequately represent the proposed intervenors' interests" and that this is "an independent reason to deny permissive intervention" and, similarly, (2) because "proposed intervenors have not pointed to any unique arguments or positions they would take up that the State defendants will not." *Id.* at 15, 17. For the following reasons, I reject these objections.

Plaintiffs object that "[b]ecause he had concluded that the State did not adequately represent proposed intervenors, the magistrate judge did not consider this factor [in making his permissive intervention recommendation]." *Id.* at 15. I construe plaintiffs' argument to be an objection to Judge Couvillier's underlying finding of inadequate representation given it is highly unlikely he would deny intervention on the basis that representation was adequate when he explicitly considered and found the representation to be inadequate in the intervention-as-of-right analysis. R&R, ECF No. 68 at 6. However, in any event, adequacy of representation is not fatal to permissive intervention. *See, e.g., Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (granting permissive intervention because "[e]ven though [the intervenors] have not made a compelling showing that the Attorney General inadequately represents their interests, the Court anticipates that the presence of [the intervenors] in this suit will contribute to the just and equitable resolution of the issues before it."). I make no finding on adequacy of representation because I find that the Proposed Intervenors will contribute to the just and equitable resolution of the issues before me, as explained in more detail *infra*.

Plaintiffs also object that "the proposed intervenors have not pointed to any unique arguments or positions they would take up that the State defendants will not." ECF No. 85 at 17. However, plaintiffs "fail[] to recognize the balancing of divided and competing interests that the Court will be called on to consider when weighing whether the defendants ought to be compelled to modify their list maintenance process." *Public Interest Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 801 (E.D. Mich. 2020). Indeed, plaintiffs seek to compel the State to remove from the rolls voters whom they claim are ineligible while defendants are required to

5

balance the twin objectives of the NVRA in litigating this suit—easing barriers to registration and voting, while at the same time protecting electoral integrity. However, the expressed mission of the Proposed Intervenors is to ensure that voters are retained on or restored to the rolls. In other words, Proposed Intervenors provide the counterbalance to plaintiffs' singular purpose that defendants' split mission does not allow. Particularly given "[t]he point of the [NVRA] was to *increase*, not decrease, the electoral participation of our citizenry[,]" *id.* at 800, the court finds that Proposed Intervenors' participation in this suit will contribute to the just and equitable resolution of the issues before me. For all those reasons, the court in its discretion permits Proposed Intervenors to join this action pursuant to Rule 24(b).

### III. Conclusion

IT IS THEREFORE ORDERED that Section III(B) of the magistrate judge's report and recommendation **[ECF No. 68] is AFFIRMED and ADOPTED** and Section III(A) is **VACATED as moot**.

IT IS FURTHER ORDERED that Rise Action Fund, Institute for a Progressive Nevada, and Nevada Alliance for Retired Americans' motion to intervene **[ECF No. 7] is GRANTED** under Rule 24(b).

Dated: July 12, 2024

_____
Cristina D. Silva
United States District Judge

6